J-S11037-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD J. COPPOLA JR., | : | |
| | : | |
| Appellant | : | No. 2792 EDA 2017 |

Appeal from the Judgment of Sentence August 1, 2017
in the Court of Common Pleas of Chester County,
Criminal Division at No(s):  CP-15-SA-0000552-2016,
CP-15-SA-0000555-2016

BEFORE:  OTT, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED MAY 29, 2018**

Richard J. Coppola, Jr. ("Coppola"), *pro se*, appeals from the judgment

of sentence entered following his conviction of the summary offenses of

driving with an unsecured load and failing to provide proof of financial

responsibility.[1]  We dismiss the appeal.

In its Opinion, the trial court summarized the relevant factual and

procedural history underlying the instant appeal as follows:

> [Coppola] was issued citations for driving with an unsecured
> load … and operating a vehicle before providing proof of the
> required financial responsibility to the Department of
> Transportation ….  The citations were issued as the result of a
> complaint from Justin Doll [("Doll")] on August 17, 2016.  At a
> trial *de novo* held before [the trial court] on August 1, 2017, []
> Doll appeared and testified on behalf of the Commonwealth.
> According to [] Doll, he was driving on the Pennsylvania Turnpike
> behind [Coppola] when a piece of wood flew out of [Coppola's]

---

[1] 75 Pa.C.S.A. §§ 4903(a), 1786(e)(1).

truck bed and damaged his vehicle. [] Doll sped up on the highway next to [Coppola], attempting to catch his attention to inform him that [] debris from [Coppola's] truck just struck [] Doll's car, but he was unsuccessful. Instead, [] Doll was able to observe [Coppola's] unusual license plate number. He reported the incident to the police and provided all necessary information. When Trooper William Snow contacted [Coppola] to discuss the incident with him and to request insurance information, [Coppola] refused to provide the documentation. Upon [Coppola's] second refusal to provide proof of insurance, Trooper Snow issued the citations.

Trial Court Opinion, 9/20/17, at 1-2. The trial court found Coppola guilty of the above-described charges and imposed fines and costs.[2] Thereafter, Coppola filed the instant timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Preliminarily, we observe that appellate briefs must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. *See* Pa.R.A.P. 2101. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. *Commonwealth v. Adams*, 882 A.2d 496, 497 (Pa.

---

[2] Coppola represented himself before the trial court.

Super. 2005).[3]

Pennsylvania Rule of Appellate Procedure 2119 provides, in relevant part, as follows:

> **(a)** **General rule.** The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a). An appellate court is required to deem abandoned those issues which have been identified on appeal, but are unsupported by argument in the brief. *Commonwealth v. Love*, 896 A.2d 1276, 1287 (Pa. Super. 2006).

Coppola's appellate brief does not include an "Argument" section. Rather, the brief includes a "Summary of Argument," with no separate section addressing Coppola's claims. Instead, the Summary of Argument lists bald

_____

[3] We recognize that Coppola is proceeding *pro se* in this matter.

> Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

*Adams*, 882 A.2d at 498 (citations omitted).

allegations of error. Coppola includes no argument or citations to pertinent legal authorities supporting his claims, in clear violation of Rule 2119(a).

While we are willing to allow some leeway to *pro se* litigants, we will not act as Coppola's appellate counsel, and create legal theories for him. The defect in his brief is substantial, and precludes meaningful review. Accordingly, we dismiss the appeal.[4]

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/29/18

_____

[4] Our review of Coppola's brief further reveals no meritorious issues. Coppola challenges the trial court's denial of his discovery request. However, Pa.R.Crim.P. 573, regarding pretrial discovery, applies to "court cases," and not summary cases. *See Commonwealth v. Lutes*, 793 A.2d 949, 960 (Pa. Super. 2002) (stating that summary cases are not "court cases" and, therefore, pretrial discovery does not apply unless *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, require otherwise). Coppola has not argued in his brief that *Brady* applies in this case. In addition, Coppola challenges the trial court's credibility determinations, and asks this Court to reweigh the evidence. However, it is well settled that we cannot substitute our judgment for that of the trier of fact. *Commonwealth v. Manley*, 985 A.2d 256, 262 (Pa. Super. 2009). Further, the trial court, as fact finder, was free to believe the Commonwealth's witnesses. *See Commonwealth v. Toland*, 995 A.2d 1242, 1245 (Pa. Super. 2010) (stating that the trier of fact, while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence).